**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

RICKY BUSH,

Plaintiff,

vs.

BELGER CARTAGE SERVICE, INC.,

Defendant,

and

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

Intervenor.

Case No. 5:23-cv-00506-JD

**BELGER CARTAGE SERVICE, INC.'s RESPOSE TO TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S PETITION IN INTERVENTION**

Defendant, Belger Cartage Service, Inc. ("Belger"), hereby submits its Response to Travelers Casualty Insurance Company of America's ("Travelers") Petition in Intervention. Belger expressly denies each and every allegation which is not specifically admitted herein. Defendant further states as follows:

1. Defendant is without sufficient information to admit or deny the allegations in Paragraph 1, and therefore denies the same and demands strict proof thereof.

2. Defendant admits the allegations in Paragraph 2.

3. The allegations in Paragraph 3 do not pertain to Belger thus no response is required. To the extent a response is required, Belger is without sufficient information to admit or deny the allegations in Paragraph 3, and therefore denies the same.

4. Belger admits jurisdiction is proper in this Court.

5. In Response to Paragraph 5, Belger adopts and incorporates its response to Plaintiff's jurisdictional allegations, and Belger's Notice of Removal. [Doc. No. 1].

6. Belger admits venue is proper in this Court

7. In response to Paragraph 7, Belger adopts and incorporates its response to Plaintiff's venue allegations, and Belger's Notice of Removal. [Doc. No. 1].

8. The allegations in Paragraph 8 are denied.

9. Thea allegations in Paragraph 9 are denied.

10. With respect to the allegations in Paragraph 10, Belger is without sufficient information to admit or deny the amounts paid to date in workers compensation benefits, and therefore denies the same and demands strict proof thereof. Belger denies that any benefits which have been or will be paid by Travelers are the result of any act or omission of Belger and/or any Belger employee or representative.

11. In response to Paragraph 11, Travelers rights are governed by Oklahoma law. To the extent the allegations intend any other meaning, they are denied.

12. In response to Paragraph 12, Travelers rights are governed by Oklahoma law and the Federal Rules of Civil Procedure. To the extent the allegation intends any other meaning, it is denied.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief may be granted.

2. Plaintiff's claims exist exclusively within the Oklahoma Workers' Compensation system as provided in Title 85A of the Oklahoma Statutes.

3. Belger is not a proper party to this action.

4. Contributory/comparative negligence.

5. Assumption of the risk.

6. Plaintiff's alleged damages are barred or reduced by Plaintiff's failure to mitigate his damages.

7. Plaintiff's alleged damages are the result of intervening and/or supervening causes.

8. Plaintiff's alleged damages are subject to the doctrine of several liability as set forth in 23 O.S. § 15.

9. Plaintiff's alleged damages are the result of liability of the third-party or parties over which Defendant had no control.

10. Plaintiff's damages, if any, are limited by 12 O.S. § 3009.1.

11. As to any claim for punitive damages, Defendant asserts as an affirmative defense all constitutional limitations or prohibitions upon the assessment of punitive damages, including those stated in the decisions of *BMW of North America v. Gore,* 116 S. Ct. 1589 (1996), *State Farm Mutual Insurance Co. v. Campbell,* 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams,* 127 S. Ct. 1057 (2007, and including but not limited to any other limit and *I* or prohibition set out under Oklahoma law or by statute.

13. Travelers failed to comply with Rule 24 of the Federal Rules of Civil Procedure and should not be permitted to intervene.

14. Travelers' proposed intervention is untimely.

15. Travelers' intervention would result in undue delay and prejudice.

16. Travelers does not have the right to participate if allowed to intervene.

17. Defendant reserves the right to assert additional affirmative defenses as discovery progresses.

**WHEREFORE**, having fully answered, Belger, prays that Travelers take nothing by way of its Petition in Intervention and that it be dismissed with prejudice, together with any other relief which the Court deems it is entitled.

Respectfully submitted,

/s/ *Eric A. Moen*

Bart Jay Robey, OBA No. 19956
Eric A. Moen, OBA No. 31155.
CHUBBUCK DUNCAN & ROBEY, P.C.
1329 Classen Drive
Oklahoma City, OK 73103
Telephone (918) 584-1600
Facsimile (918) 585-2444
bjrobey@chubbucklaw.com
eamoen@chubbucklaw.com
***Attorneys for Defendant, Belger Cartage Service, Inc.***

**CERTIFICATE OF MAILING**

I hereby certify that on the 11th day of August 2023, I served a true and correct copy of the foregoing document by USPS to the counsel of record listed below. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Bob L. Latham, Jr.
Brian L. Carter
LATHAM, STEELE, LEHMAN, KEELE,
RATCLIFF, FREIJE & CARTER, P.C.
1515 E. 71st Street, Suite 200
Tulsa, Oklahoma 74136
***Attorney for Travelers Casualty Ins. Co. of America***

Stephen D. Bachman
HOLLOWAY, DOBSON & BACHMAN, PLLC
One Leadership Square
211 North Robinson, Suite 900
Oklahoma City, Oklahoma 73102
***Attorney for Plaintiff***

s/ Eric a. Moen
Bart Jay Robey / Eric A. Moen